Khalid BHAILA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73928.

Agency No. A70–193–481.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Khalid Bhaila, Hollywood, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, for Respondent.

Before PREGERSON, HAWKINS and GRABER, Circuit Judges.

### MEMORANDUM**

Khalid Bhaila, a native and citizen of Sri Lanka, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, see Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Because the IJ failed to make an explicit adverse credibility finding, we presume Bhaila's testimony to be true. See Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994).

Bhaila contends that he was persecuted on account of an imputed political opinion because of his popularity as a magician, performing for a variety of political and religious groups. He testified that many opposing groups, whom he could not name, would threaten him and demand that he not perform for certain groups.

The IJ determined that Bhaila failed to show that he was persecuted "on account of" one of the protected grounds. We agree. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997) ("To establish an imputed political opinion, the applicant must show that his persecutors actually imputed a political opinion to him."). In addition, allegations of unfulfilled threats are generally insufficient to establish past persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000). Further, although conditions in Sri Lanka may not be entirely stable, there is no evidence that Bhaila "is at particular risk" of persecution as he failed to establish direct and specific evidence that would support a reasonable fear of future persecution. See Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994).

Because Bhaila failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

